Potter v. Potter.

75  211
f109  407

## POTTER v. POTTER.

**Divorce:** **CRUELTY:** **EVIDENCE:** **CORROBORATION.** Action for divorce on the ground of cruel and inhuman treatment. The evidence discloses mutual violence between the parties, and much vile and abusive language applied by each to the other, but fails to show which of the parties was the aggressor, and plaintiff is not corroborated as to the matter constituting the alleged cause of action. *Held* that the evidence did not justify a decree of divorce.

*Appeal from Johnson District Court.*—HON. H. S. FAIRALL, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION for divorce on the ground of cruel and inhuman treatment endangering the life of plaintiff. The district court entered judgment in accordance with the prayer of the petition. Defendant appeals.

*Milton Remley*, for appellant.

*G. A. Ewing*, for appellee.

REED, J.—The petition charges that on two occasions defendant was guilty of acts of great personal violence towards plaintiff, and that on many occasions he used vile, opprobrious and insulting language towards her. Plaintiff testified to the acts of violence alleged; also that on many occasions he had called her a "bitch," a "damned old bitch," a "damned whore," and other opprobrious names. Defendant, in his testimony, admitted that he laid his hands on her person and pushed her on the two occasions when the violence is alleged to have been committed, but denied that he did so in anger, or that any injury was done to her. He also admitted that he had on different occasions called her a "bitch," and a "damned bitch," but denied that he had ever applied to her the other epithets alleged. But he claimed that when he used the offensive language towards her he was provoked thereto by her vile language toward him, in which she called him a "son of a bitch," and other similar names; and she admitted having applied that epithet to him, but claimed that she did so in retaliation. She also admitted that on one of the occasions when she claims to have suffered violence she struck him with a broom with sufficient force to break the handle; also that on one of the occasions she threw his hat out of the house, and on the other knocked his pipe out of his mouth, and that these acts of hers constituted the *casus belli*. Two other witnesses testified that they heard the disturbance on one occasion, but they saw no part of it, and did not know which party was the aggressor, or what was done by either of them. Another witness, a daughter of plaintiff, and friendly to her, testified that she witnessed more than one quarrel between them, and that on such occasions the epithets "bitch," "damned bitch," and "son of a bitch" were used; but she left it in doubt as to which of the parties first used the offensive language. We think plaintiff failed to make a case entitling her to a divorce. If her testimony could be accepted as true in all respects, and could be acted upon,

it would barely justify the court in dissolving the relation. But the statute (Code, section 2222) provides that "no divorce shall be granted on the testimony of the plaintiff alone." Under that provision, before she is entitled to relief, she must be corroborated, and the corroboration must be as to the matters constituting the alleged cause of action. The only witness whose testimony tends to corroborate her is that of her daughter; and the facts established by the testimony of the corroborating witness, in connection with that of plaintiff, do not entitle her to a divorce. Defendant's language, it must be admitted, was vulgar and brutal. But a woman with the spirit and disposition to apply to her husband—even in retaliation—the epithets which by her own confession plaintiff was accustomed to apply to defendant, is not likely to suffer greatly either in body or mind from the application to her of the language used by defendant. We think the judgment should be

REVERSED.